UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLAIR DOUGLASS, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br> v.<br><br>iFIT INC.,<br><br>    Defendant. | Civil Action No. 2:23-cv-00917-MJH |

**PLAINTIFF'S UNOPPOSED MOTION TO CERTIFY CLASS FOR SETTLEMENT PURPOSES AND FOR PRELIMINARY APPROVAL OF <u>CLASS ACTION SETTLEMENT</u>**

Plaintiff Blair Douglass, on behalf of himself and all others similarly situated, hereby moves pursuant to Rule 23(e) of the Federal Rules of Civil Procedure for an order conditionally certifying a class for settlement purposes, preliminarily approving the settlement, approving the proposed notice and notice plan, and setting aside dates for the submission of objections to the settlement and a fairness hearing. **It is Plaintiff's understanding that Defendant iFIT Inc. does not oppose the relief sought in this motion.** In support of this motion, Plaintiff states as follows:

1. In July 2020, Plaintiff attempted to access Defendant's online store, located at https://www.nordictrack.com/. (Doc. 1, ¶¶ 25-26, 46.)

2. Plaintiff could not access Defendant's online store because it was not compatible with screen reader auxiliary aids, which Plaintiff uses to access digital content because he is blind.[1] (Doc. 1, ¶¶ 21, 39, 45-46.)

---

[1] Plaintiff uses the word "blind" to describe people who, as a result of a visual impairment, have substantially limited eyesight. This includes people who have no vision at all as well as those who have low vision. *See* James H. Omvig, *Why Use the Word "Blind"?*, Braille Monitor (Jan. 2009), https://nfb.org//sites/default/files/images/nfb/publications/bm/bm09/bm0901/bm090107.htm.

1

3. In June 2022, Plaintiff returned to https://www.nordictrack.com/ and also visited Defendant's other online stores located at https://www.proform.com/, https://freemotionfitness.com/, and https://www.ifit.com/, and found that they continued to deny him full and equal access. Defendant's mobile application and websites are referred to collectively as "Digital Properties." (Doc. 1, ¶¶ 26, 48.)

4. In May 2023, Plaintiff filed a class action complaint seeking declaratory and injunctive relief, alleging that Defendant does not have, and has never had, adequate policies and practices to cause its online store to be accessible to blind persons, in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181, *et seq*., and its implementing regulations. (Doc. 1.)

5. In October 2023, Plaintiff notified the Court that the parties had agreed to settle this case on a class action basis. (Doc. 11.)

6. On October 5, 2023, after years of good faith negotiations, the parties executed a proposed class action settlement agreement ("Agreement").[2]

7. The Agreement resolves this action and defines the settlement class as "all Blind or Visually Disabled persons who have accessed, attempted to access, or been deterred from attempting to access, or who will access, attempt to access, or be deterred from accessing the Digital Properties from the United States."

8. Under the terms of the Agreement,[3] Defendant shall ensure that blind or visually disabled individuals have full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations provided by and through the Digital Properties, including any

---

[2] The Agreement and long-form notice are attached to this motion as Exhibit 1.
[3] The terms of the Agreement are explained more fully in the accompanying memorandum.

website which Defendant develops, starts to operate, or acquires and which is publicly available in the United States.

9. The Agreement, notice, and notice plan[4] are comparable to or more robust than class action settlements resolving nearly identical claims that courts in this District approved in *Murphy v. The Hundreds Is Huge, Inc.*, No. 1:21-cv-00204, 2022 U.S. Dist. LEXIS 211942 (W.D. Pa. Nov. 17, 2022) (Lanzillo, J.), *Murphy v. Eyebobs, LLC*, No. 1:21-cv-00017, Doc. 49 (W.D. Pa. Feb. 9, 2022) (Lanzillo, J.), *Murphy v. Charles Tyrwhitt, Inc.*, No. 1:20-cv-00056, Doc. 47 (W.D. Pa. Feb. 16, 2022) (Baxter, J.), *Douglass v. Optavia LLC*, No. 2:22-cv-00594, Doc. 38 (W.D. Pa. Jan. 23, 2023) (Wiegand, J.), *Douglass v. P.C. Richard & Son, LLC*, No. 2:22-cv-00399, Doc. 55 (W.D. Pa. June 27, 2023) (Kelly, J.), *Murphy v. Le Sportsac, Inc.*, No. 1:22-cv-00058, Doc. 57 (W.D. Pa. July 6, 2023) (Lanzillo, J.), and *Douglass v. Mondelēz Global LLC*, No. 2:22-cv-00875, Doc. 26 (W.D. Pa. Sept. 19, 2023) (Hardy, J.), and that the District of Massachusetts approved in *Giannaros v. Poly-Wood, LLC*, No. 1:21-cv-10351, Doc. 45 (D. Mass. Oct. 27, 2022).

10. Given the substantial relief obtained and the inherent risks of continued litigation, the settlement is fair, reasonable, and adequate. The proposed agreement is on par with, or exceeds, the relief achieved in analogous cases brought by the National Federation of the Blind and the Civil Rights Division of the U.S. Department of Justice, and in the cases cited in the preceding paragraph. It was reached after years of good faith negotiations at arm's length.

WHEREFORE, Plaintiff respectfully requests that the Court:

(A) Certify the class for settlement purposes, appoint Plaintiff as class representative, and appoint Plaintiff's counsel as class counsel;[5]

---

[4] The proposed notice plan is attached to this motion as Exhibit 2.

[5] Plaintiff's counsel's resumes are attached to this motion as Exhibit 3.

(B) Preliminarily approve the settlement as set forth in the proposed agreement; and

(C) Approve the notice and notice plan, including, among other dates, by setting:

(1) A date twenty-one (21) days after the Court grants preliminary approval as the deadline for the parties to publish notice of the settlement ("Notice Deadline");

(2) A date forty-five (45) days after the Notice Deadline as the deadline for Plaintiff to move for reasonable attorneys' fees and costs;

(3) A date sixty (60) days after the Notice Deadline as the deadline for the submission of any objections to the settlement; and

(4) A date ninety (90) days after the Notice Deadline for a final approval hearing, or as soon thereafter as the Court may set the hearing.

Respectfully submitted,

Dated: November 10, 2023

*/s/ Kevin W. Tucker*
Kevin W. Tucker (He/Him) (PA 312144)
Kevin J. Abramowicz (He/Him) (PA 320659)
Chandler Steiger (She/Her) (PA 328891)
Stephanie Moore (She/Her) (PA 329447)
**EAST END TRIAL GROUP LLC**
6901 Lynn Way, Suite 215
Pittsburgh, PA 15208
Tel. (412) 877-5220
ktucker@eastendtrialgroup.com
kabramowicz@eastendtrialgroup.com
csteiger@eastendtrialgroup.com
smoore@eastendtrialgroup.com

*Counsel for Plaintiff*

4

5

## **CERTIFICATE OF SERVICE**

I hereby certify that, on November 10, 2023, a true and correct copy of the foregoing document was filed and served by way of the Court's CM/ECF system on all counsel of record.

Dated: November 10, 2023   */s/ Kevin W. Tucker*
                          Kevin W. Tucker