**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BLAIR DOUGLASS, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>iFIT INC.,<br><br>        Defendant. | Civil Action No. 2:23-cv-00917-MJH |

**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION**
**TO CERTIFY CLASS FOR SETTLEMENT PURPOSES AND**
**FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

WHEREAS, the parties in the above-captioned litigation have advised the Court that they have settled the litigation, the terms of which have been memorialized in a proposed class action settlement agreement ("the Agreement");

WHEREAS, Plaintiff has applied to this Court through a motion for an order (1) certifying the class for settlement purposes, (2) granting preliminary approval of the Agreement resolving all claims in the above-captioned matter, (3) directing notice to the class, and (4) setting a final approval hearing; and

WHEREAS, the Court has read and considered Plaintiff's Motion to Certify Class for Settlement Purposes and for Preliminary Approval of Class Action Settlement ("Motion"), the points and authorities and exhibits submitted therewith, the Agreement, and all of the supporting documents, and good cause appearing;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.    This order incorporates by reference the definitions in the Agreement, and all terms defined therein shall have the same meaning in this order as set forth in the Agreement.

2.      Plaintiff's Motion is GRANTED. It appears to this Court on a preliminary basis that the Agreement satisfies the elements of Fed. R. Civ. P. 23 and is fair, adequate, and reasonable.

3.      The proposed Settlement Class is hereby preliminarily certified pursuant to Fed. R. Civ. P. 23(a) and (b)(2) for purposes of settlement. The Settlement Class is defined as:

> All Blind or Visually Disabled persons who have accessed, attempted to access, or been deterred from attempting to access, or who will access, attempt to access, or be deterred from accessing iFIT's Digital Properties, which include https://www.nordictrack.com/, https://www.proform.com/, https://freemotionfitness.com/, and https://www.ifit.com/] from the United States.

4.      The Court finds that Plaintiff Blair Douglass will fairly and adequately protect the interests of the Settlement Class. As a result, the Court appoints and designates Mr. Douglass as representative of the Settlement Class.

5.      The Court finds that attorneys Kevin Tucker, Kevin Abramowicz, Chandler Steiger, and Stephanie Moore of East End Trial Group LLC are experienced and competent counsel who will continue to fairly and adequately protect the interests of the Settlement Class. As a result, the Court appoints and designates attorneys Tucker, Abramowicz, Steiger, and Moore as Class Counsel for the Settlement Class.

6.      The Court finds that the Long-Form Notice attached to the Agreement as Exhibit 1 and the notice plan attached to the pending motion as Exhibit 2 meet due process requirements, the requirements of Rules 23(c)(2) and 23(e) of the Federal Rules of Civil Procedure, and ensure notice is well calculated to reach representative class members. The notice and notice plan are hereby approved.

7.      Within twenty-one (21) days of this Order, December 4, 2023, iFIT shall, at its expense:

(a)     Add dates to the placeholders in the Long-Form Notice accompanying the Agreement as Exhibit 1.

(b)     Ensure the Settlement Website is live and may be accessed over the internet. iFIT shall further ensure the Settlement Website tracks the number of visitors to the Settlement Website, and the Settlement Website remains published for at least sixty (60) days after the date the Court grants final approval of the Agreement.

(c)     Cause the Long-Form Notice to be published on, and make the following documents filed in this Lawsuit available for download on, the Settlement Website: the class action complaint, motion for preliminary approval of class action settlement and supporting documents, and the Court's orders concerning preliminary approval as well as any supporting memorandum. iFIT shall ensure the Settlement Website and the documents identified in this Subsection shall be fully accessible by individuals who use screen reader auxiliary aids.

(d)     Add invisible anchor text in the header of the Website's and Mobile App's homepages which reads, "Click to view our ADA Class Action Settlement Notice regarding our commitment to ensure iFIT's websites and mobile applications are accessible" and which links to the Settlement Website.

8.     Within seven (7) days after Plaintiff moves for payment of the reasonable attorney's fees and Costs described in Section 20.1 in accordance with the deadline set under Section 22.3, iFIT shall make any motion for attorneys' fees and costs, and supporting documentation, available for download on the Settlement Website.  In addition, as soon as practicable, but no later than seven (7) calendar days after any Court order on Plaintiff's motion for attorneys' fees and costs, iFIT shall make the order available for download on the Settlement Website.

9.      Within twenty-one (21) days of this Order, December 4, 2023, (the "Notice Deadline"), Class Counsel shall, at its expense, request that at least the following organizations publish notice in the form set forth below in their respective electronic newsletters and social media accounts such that the notice is sent out within sixty (60) days of this Order, January 12, 2024: Achieva, American Action Fund for Blind Children and Adults, American Council of the Blind, American Foundation for the Blind, Blinded American Veterans Foundation, Blinded Veterans Association, Foundation Fighting Blindness, Guide Dogs for the Blind, National Association of Blind Merchants, National Council on Disability, and National Federation of the Blind. The notice shall read as follows:

> A proposed settlement has been reached that would resolve the class action lawsuit *Douglass v. iFIT Inc.*, No. 2:23-cv-00917 (W.D. Pa.). The lawsuit alleges that iFIT Inc. violated the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq. by failing to take the necessary steps to ensure its website, https://www.nordictrack.com/, and its mobile app, iFIT At-Home Workout & Fitness, do not discriminate against blind or visually disabled consumers who use screen reader auxiliary aids to access digital content. Under the settlement, iFIT Inc. agrees to take additional steps to make these and other websites and mobile apps, including any new website or mobile app it develops or acquires, accessible to blind or visually disabled consumers.

> For a more complete summary of the terms of the proposed settlement, please visit https://www.iFITADAsettlement.com.

10.     No fewer than five (5) calendar days before the fairness hearing scheduled in this Lawsuit, April 6, 2024, iFIT shall file a declaration from the stipulated class action settlement administrator that summarizes the work the administrator performed and the number of visitors to the Settlement Website.

11.     Within sixty (60) days of this Order, January 12, 2024, Defendant or Defendant's counsel shall file a declaration evidencing Defendant's compliance with this order.

12.     Within sixty (60) days of this Order, January 12, 2024, Class Counsel shall file a declaration evidencing its compliance with this order.

13.     Within forty-five (45) days of the Notice Deadline, January 18, 2024, Plaintiff shall move for reasonable attorneys' fees and costs.

14.     Within sixty (60) days of the Notice Deadline, February 2, 2024, any Settlement Class Member may object to the Agreement by filing written objections with the Clerk of the Court ("Objection Deadline"). Only such objecting Settlement Class Members shall have the right, and only if they expressly seek it in their objection, to present objections orally at the final approval hearing.

15.     No fewer than five (5) calendar days before the fairness hearing scheduled in this Lawsuit, April 6, 2024, the parties shall respond to any timely-filed objections.

16.     Within one hundred twenty (120) days of this Order, March 12, 2024, Plaintiff shall move for final approval and for reasonable attorneys' fees and costs.

17.     A final approval hearing shall be held before this Court on April 11, 2024, at 9:00 AM ET in the United States District Court for the Western District of Pennsylvania, located at Joseph F. Weis Jr. U.S. Courthouse, 700 Grant Street, Courtroom 8A, Pittsburgh, PA 15219, to determine whether the Agreement shall be granted final approval, and to address any related matters.

18.     The final approval hearing may, from time to time and without further notice to the Settlement Class Members (except those who have filed timely objections or entered appearances), be continued or adjourned by order of the Court.

19.     Counsel for the parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the Agreement which are not materially inconsistent with either this order or the terms of the Agreement.

IT IS SO ORDERED.


Dated:  11/13/2023

_Marilyn J. Horan_
Marilyn J. Horan
United States District Judge